UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN ROMANO,

    Plaintiff,

  v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN d/b/a BCBSM,

    Defendant.
_____/

Case No. 22-12901

Hon. George Caram Steeh

OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO COMPEL ARBITRATION (ECF NO. 13)

Defendant, Blue Cross Blue Shield of Michigan, seeks an order compelling Plaintiff to arbitrate his employment discrimination claims. Because there is a genuine issue of material fact regarding whether Plaintiff agreed to arbitration, the court will deny Defendant's motion.

BACKGROUND FACTS

Plaintiff Ryan Romano filed this action against his former employer, Blue Cross Blue Shield of Michigan ("BCBSM"), alleging religious discrimination in violation of Title VII and the Elliott-Larsen Civil Rights Act. Romano was terminated from his employment with BCBSM after seeking a religious exemption to BCBSM's mandatory COVID-19 vaccine

requirement. BCBSM denied his request for an exemption and Romano was terminated for declining the vaccine.

BCBSM contends that Romano's discrimination claims are subject to an arbitration agreement. According to BCBSM, all employees must assent to arbitration as part of the online application process. The company contends that each employee must agree to an "Applicant Statement" in order to electronically submit the application. The Applicant Statement provides, in part:

> I understand and agree that, if I am employed in a non-bargaining unit position, any termination related claims I have, of any nature, will be decided on an exclusive, final, and binding basis under the Blue Cross Blue Shield of Michigan Arbitration Procedure for Non-Bargaining Unit Employees.

ECF No. 13-1. To submit an application, a prospective employee must electronically sign this statement. *Id.* BCBSM does not allege that the applicant may access the details of arbitration procedure prior to signing or being hired.

BCBSM hired Romano in September 2019 as a Senior Health Care Analyst and asserts that he must have signed the Applicant Statement, including the arbitration provision, as part of the application process. Because of a 2020 "software change," however, BCBSM does not have any documentation evidencing Romano's electronic signature. *Id.*

For his part, Romano denies reviewing or signing the Applicant Statement. ECF No. 16-2. He states that business records produced by BCBSM are incorrect. For example, BCBSM's records indicate that Romano submitted an application for the Senior Health Care Analyst position on August 29, 2019. *Id.* Romano attests that he applied for the position on July 28, 2019, and was interviewed on August 8 and 20, 2019. *Id.* He alleges that he never reviewed or signed the Applicant Statement in connection with his hiring process. *Id.*

Further, Romano asserts that he submitted another online job application for a promotion as a Health Care Manager in July 2021. Romano insists that he did not agree to arbitration during this process, either. *Id.* Although this was after BCBSM's software change, BCBSM does not have documentation evidencing Romano's agreement to the arbitration procedure in connection with his July 2021 application.

Romano contends that BCBSM did not inform him of the arbitration agreement during new employee orientation and did not tell him that it was a condition of his employment. ECF No. 16-2. BCBSM claims that the arbitration procedure was available to all employees during their employment on its intranet site. ECF No. 13-1.

LAW AND ANALYSIS

Under the Federal Arbitration Act, a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA allows the court to enforce an arbitration agreement by staying an action and compelling arbitration. 9 U.S.C. §§ 3, 4. Parties may agree to submit statutory claims, including employment discrimination claims, to arbitration. *See Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 377 (6th Cir. 2005).

"Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Hergenreder v. Bickford Senior Living Grp., LLC*, 656 F.3d 411, 416 (6th Cir. 2011) (citation omitted). In determining the enforceability of an arbitration agreement, the court looks to the applicable state law of contract formation. *Id.* "The elements of a valid contract in Michigan are: '(1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation.'" *Id.* at 417 (quoting *Hess v. Cannon Twp.,* 265 Mich. App. 582, 696 N.W.2d

-4-

742, 748 (2005)). "In order to show that the validity of the agreement is 'in issue,' the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate." *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). Thus, when ruling on a motion to compel arbitration, "Rule 56's standards govern whether a court should hold a trial under § 4 when a party alleges that no contract exists." *Boykin v. Family Dollar Stores of Michigan, LLC*, 3 F.4th 832, 838 (6th Cir. 2021).

Romano has unequivocally denied signing the Applicant Statement containing the arbitration agreement or that BCBSM informed him of the arbitration procedure. BCBSM argues that this is not enough to put the validity of the agreement in issue, citing *Anderson v. Crothall Healthcare Inc.*, 2022 WL 3719834, at *4 (E.D. Mich. Aug. 29, 2022). In *Anderson* and similar cases, however, the employer produced documentation showing that the employee electronically signed the arbitration agreement. *See, e.g., Brown v. Heartland Employment Servs., LLC*, 2020 WL 2542009, at *4 (E.D. Mich. May 19, 2020); *Brody v. CultureSource*, 2020 WL 6562089, at *2 (E.D. Mich. Nov. 9, 2020) ("Clicking on the 'validate' button produced an electronic signature unique to [plaintiff], which is a legally valid method of demonstrating assent."); *Mays v. Garden*, 2019 WL 5212219, at *4 (E.D.

Mich. Oct. 16, 2019). Under such circumstances, which are not present here, a blanket denial is unavailing.

BCBSM has not produced incontrovertible evidence that Romano assented to the arbitration procedure through the online application process. Accordingly, Romano's affidavit denying that he agreed to the arbitration procedure is sufficient to put the validity of the arbitration agreement in issue. *Boykin*, 3 F.4th at 840; *Emerson v. Blue Cross Blue Shield of Michigan*, No. 2:22-CV-12576, 2023 WL 2145485, at *2 (E.D. Mich. Feb. 21, 2023) ("Defendant's failure to provide evidence of the signed arbitration agreement, combined with Plaintiff's sworn declaration that she did not see or sign the agreement, creates a genuine dispute of fact here that precludes a motion to compel arbitration.").

Moreover, to the extent that BCBSM argues that Romano assented to arbitration through continued employment, this argument is similarly unavailing. As a general proposition, an employee may demonstrate assent to an arbitration agreement through conduct, such as by continuing his employment. *Tillman v. Macy's, Inc.*, 735 F.3d 453, 460 (6th Cir. 2013). However, the employer must demonstrate that the employee had adequate notice of the arbitration agreement and that continued employment would convey his assent. *See id.; Hergenreder,* 656 F.3d at 419 (continued

-6-

employment did not constitute assent when employee was not made aware of arbitration agreement).

In this case, BCBSM does not allege that it provided Romano with a copy of the arbitration procedure or that it was available to him before he began his employment. Romano contends that he was not notified of the arbitration procedure's existence during his new employee orientation or told that it was a condition of his employment. ECF No. 16-2. Although the procedure was "available" on BCBSM's intranet site, there is no evidence that Romano was directed to review that procedure or that continued employment would convey his agreement. The evidence does not suggest that Romano agreed to the arbitration procedure merely by continuing his employment with BCBSM. *See Emerson*, 2023 WL 2145485, at *2-3.

Because there is an issue of fact regarding whether the parties mutually agreed to arbitration, IT IS HEREBY ORDERED that BCBSM's motion to compel arbitration (ECF No. 13) is DENIED.

Dated: May 2, 2023

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 2, 2023, by electronic and/or ordinary mail.

s/Mike Lang
Deputy Clerk